# IN THE COURT OF APPEALS OF IOWA

No. 14-0025
Filed March 12, 2014

IN THE INTEREST OF P.P. AND G.P.,
Minor Children,

M.M., Mother,
Appellant
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

Joseph R. Lapointe, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Carlyle D. Dalen, County Attorney, for appellee State.

Mark Young, Mason City, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

A mother appeals the termination of her parental rights to two of her children, P.P. and G.P., both born in 2006. She contends the State failed to prove the grounds for termination of her parental rights and termination of her parental rights was not in the children's best interest. She also argues the juvenile court abused its discretion in not applying Iowa Code section 232.116(3)(a) and (c) (2013) to avoid termination of her parental rights. We review her claims de novo. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The mother's parental rights were terminated pursuant to Iowa Code section 232.116(1) paragraphs (f) and (*l*). We need only find termination proper under one ground to affirm. *In re R.R.K.*, 544 N.W.2d 274, 276 (Iowa Ct. App. 1995). We choose to focus our attention on section 232.116(1) paragraph (f), which provides termination is appropriate where:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

There is no question that the children meet the first three requirements. Both were over four years old at the time of trial, had been adjudicated CINA in November of 2012, and had been out of the mother's custody since October 2012. The only debatable issue is whether they could be returned to the mother's custody under section 232.102 at the time of the hearing. Iowa Code

§ 232.116(1)(f)(4). Upon our de novo review, we agree with the juvenile court's determination that these children could not be returned to the mother's care at the time of the termination-of-parental-rights hearing.

While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). The legislature incorporated a one-year limitation for children adjudicated in need of assistance (CINA) aged four and older. *See* Iowa Code § 232.116(1)(f)(2), (3). Our supreme court has stated "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing Iowa Code § 232.116(1)(e)). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification.

The mother has a long history of mental health and substance abuse, as well as involvement in domestically-violent relationships and criminal activities. She also has a history of not providing her children safety and stability. Because of these concerns, she has been involved with the Iowa Department of Human Services (Department) as a parent off and on since 2003. In 2005, her parental rights to her first biological child were terminated.

In 2010, it was reported her children, including P.P. and G.P., witnessed substance use and domestic violence in her home. Illegal drugs were found in the mother's home, and one of the children tested positive for an illegal substance. There were also concerns about the condition of her home. P.P. and

G.P. were placed in their father's care, and services were offered to the mother until December 2011. At that time, P.P. and G.P. returned to the shared-care arrangement between the mother and the father.

Shortly thereafter, concerns again arose as to the safety of her children due to the living conditions within the home and the mother's behavior. P.P. and G.P. were ultimately removed from the mother's care in October 2012. They were placed in the care of their father, where they have since remained.

In this case, the mother has been offered numerous services for reunification, including treatment for her mental health issues and substance abuse. In fact, one provider testified she could not think of a service that was not offered to this family. Sadly, the mother did not avail herself of these services, and the issues that were identified at the start of the case—the mother's use of prescription drugs, the condition of the home, unstable relationships, domestic violence, and mental health issues—remain. The mother simply has not made any significant changes to her lifestyle or behaviors, nor has she demonstrated a period of stability or the ability to meet the ongoing needs of the children. Upon our de novo review, we agree with the juvenile court that the evidence presented at the termination-of-parental-rights hearing clearly established the children could not be returned to the mother's care at that time. We therefore agree the State established termination of the mother's parental rights was appropriate under Iowa Code section 232.116(1)(f).

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *A.B.*, 815 N.W.2d at 776. For the reasons stated above in finding the

children could not be returned to the mother's care at the time of the termination hearing, we find the best interests framework in Iowa Code section 232.116(2) supports termination of her parental rights of these children. In that section, the legislature highlighted the child's safety, the best placement for furthering the long-term nurturing and growth of the child, and the physical, mental, and emotional condition and needs of the child as primary considerations. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010); *see also* Iowa Code § 232.116(2). "A child's safety and the need for a permanent home are now the primary concerns when determining a child's best interests." *In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially). Those best interests are to be determined by looking at the child's long-range as well as immediate interests. *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). We are to consider what the future likely holds for the child if the child is returned to her parent. *In re J.K.*, 495 N.W.2d 108, 110 (Iowa 1993). Insight for that determination is to be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that the parent is capable of providing. *In re L.L.*, 459 N.W.2d 489, 493-94 (Iowa 1990).

As noted above, the mother has already had her parental rights terminated as to one of her biological children. This is not her first rodeo. She has "been offered or participated in individual therapy and family therapy, along with a barrage of other services to enhance [her] parenting." Nevertheless, the concerns that exist today are similar to those that existed at the time her parental rights were terminated to her eldest biological child. Despite the knowledge of her children's needs of safety and stability, she did not avail herself of services,

and she continues to make choices that are contrary to her children's welfare. Her ten years of involvement with services indicates the children cannot now or in the future be safely returned to her care. P.P. and G.P. should not have to wait any longer for the mother to address her mental health issues, overcome her addiction, and attain stability. Moreover, they are doing well in the full-time care of their father. Upon our de novo review of the record, we agree with the juvenile court that termination of the mother's parental rights was in the children's best interests as set forth under the factors in section 232.116(2).

Finally, we consider the mother's assertion that statutory exceptions to termination, including being in the legal custody of a relative or the closeness of the parent-child relationship, should serve to preclude termination of her parental rights. *See* Iowa Code § 232.116(3)(a), (c). We have discretion, "based on the unique circumstances of each case and the best interests of the child[ren], whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011).

The juvenile court found "[t]he termination would not be detrimental to the [children] at the time due to the closeness of the parent-child relationship as demonstrated by [P.P.'s] desire not to have visits, and the behavior of the children when they return after seeing [the mother]." We agree. Here, neither their placement with relatives nor their bond with the mother weighs heavily enough to reverse the termination. Under the facts of this case, we cannot maintain the mother-child relationship where there exists only a remote possibility the mother will become a responsible and consistent parent sometime in the unknown future. *See In re Z.H.*, 740 N.W.2d 648, 652 (Iowa Ct. App. 2007)

(describing strong bond between parent and child as militating factor, but not overriding consideration). These children deserve permanency now and should not have to wait any longer for the mother to put their needs first. *See In re D.W.*, 791 N.W.2d 703, 707-08 (Iowa 2010). Termination will provide the children with the safety, security, and permanency they deserve. *See P.L.*, 778 N.W.2d at 41. We believe the children's best interests are served by severing their legal tie with the mother, and we therefore agree with the court's declination to invoke section 232.116(3). Accordingly, we affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**